UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NORTHWEST INDIANA PUBLIC RADIO BROADCASTING, INC. d/b/a WYIN Channel 56, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | No. 2:02 CV 456 ) ) |
| ILLINOIS UNION INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

**OPINION and ORDER**

This matter is before the court on a motion for clarification filed by defendant Illinois Union Insurance Co. ("Illinois Union" or "defendant") on February 4, 2005. Plaintiff Northwest Indiana Public Radio Broadcasting, Inc. ("NWIPB") timely filed its response to Illinois Union's motion on February 9, 2005, and Illinois Union filed an appropriate reply on February 15, 2005. As the matter has been fully briefed, the court shall now address the merits of Illinois Union's motion.

As a matter of background, plaintiff NWIPB is a public television station broadcasting in the Northwest Indiana region. Defendant Illinois Union is an insurance company from which NWIPB purchased a commercial insurance policy (the "insurance policy" or "policy"). The language of the insurance policy purchased by NWIPB from Illinois Union became the center of a controversy in early 2002 after Illinois Union refused to cover, under the policy's provision covering "transmitting equipment," a damaged antenna owned by NWIPB. The parties' debate ultimately culminated in

NWIPB filing a complaint with this court on November 13, 2002, which alleges that: (1) Illinois Union breached its contract of insurance with NWIPB by refusing to cover its damaged antenna as "transmitting equipment" under the insurance policy; and, (2) in denying NWIPB's insurance claim for the damaged antenna, Illinois Union violated the covenant of good faith and fair dealing owed to NWIPB. In mid-2004, both parties filed motions for summary judgment in the instant action. On January 25, 2005, this court denied both summary judgment motions in a relatively lengthy order which ultimately caused Illinois Union to file the instant motion to clarify now pending before this court.

In its motion, Illinois Union asks that this court clarify its January 25 Order as it relates to Illinois Union's request for summary judgment on NWIPB's claims of bad faith. Illinois Union contends that this court's January 25 Order did not expressly address NWIPB's bad faith claims; and thus, Illinois Union argues that this court must now grant summary judgment in its favor on those claims as, according to Illinois Union, the ultimate "findings and rulings stated in the Court's January Order constitute a holding that NWIPB's bad faith claims are not sustainable[ ] as a matter of law . . ." (Def.'s Mot. for Clarification, at 1).

To begin with, the court notes that it did address NWIPB's bad faith claim in a footnote in its January 25 Order which stated that the outcome of NWIPB's breach of contract claim necessarily influenced the resolution of NWIPB's other claims (such as its claim of bad faith). (Order dated Jan. 25, 2005, at 3 n.2). As to the outcome of NWIPB's breach of contract claim, this court determined that the language of Illinois Union's

2

Insurance Policy was ambiguous such that "reasonably intelligent persons could honestly differ as to the meaning and the scope of the terms 'transmitting' and 'equipment' as used in [the policy]." (Order dated Jan. 25, 2005, at 12). This court also found that the rule of *contra preferentem*, which requires a court to strictly construe an ambiguous insurance contract against the insurer and in favor of the insured, *Barclay*, 816 N.E.2d 973, 975 (Ind. Ct. App. 2004); *Cinergy Corp. v. St. Paul Surplus Lines Ins. Co.*, 785 N.E.2d 586, 595 (Ind. Ct. App. 2003); *Town of Orland v. Nat'l Fire & Cas. Co.*, 726 N.E.2d 364, 370 (Ind. Ct. App. 2000), did not apply in the instant action because a reasonable jury could find the evidence of either party to be more persuasive than the other with regard to the meaning of "transmitting equipment." (Order dated Jan. 25, 2005, at 12).

Illinois Union argues that because this court determined that the language in its insurance policy was ambiguous and also declined to apply the rule of *contra preferentem* to this action, then its (Illinois Union's) denial of coverage cannot, as a matter of law, be tortious. (*See* Def.'s Mot. for Clarification, at 3-4). Indeed, Illinois Union suggests that, in finding that there existed ambiguity within its insurance policy, this court essentially established that Illinois Union had a "rational basis" for denying NWIPB's claim; and, "[s]o long as a an insurer has a rational basis for denying a claim, the insured cannot recover on bad faith," (Def.'s Mot. for Clarification, at 3). In other words, Illinois Union apparently believes that whenever there exists an ambiguous policy, there can never exist, as a matter of law, a breach of the duty of good faith and

3

fair dealing – ambiguity becomes a rock-solid defense for claims of bad faith.

However, under such an argument,

> an insurer could intentionally insert an ambiguous term into a policy and continually deny coverage based on that term, despite contrary court decisions or its own doubts about the meaning of the term. The insurer could lose coverage cases (though many insureds would not litigate and would accept the insurer's denial of coverage), but would never face a bad faith claim because its ambiguous term would create a "legitimate dispute." (Footnote omitted). Such actions by an insurer would not be in good faith and could not be countenanced.

*Wolf v. Prudential Ins. Co.,* 50 F.3d 793, 800 (10th Cir. 1995). Accordingly, the mere existence of an ambiguity within an insurance contract cannot, as a matter of law, create a valid defense to a bad faith claim. *Id.*; *but see Carolina Indus. Products, Inc. v. Learjet, Inc.*, 189 F. Supp. 2d 1147, 1188 (D. Kan. 2001) (granting summary judgment on insured's bad faith claim and determining that a bad faith claim could not be based on insurer's refusal to cover certain costs incurred by insured where, because of ambiguity in insurance contract provision at issue, a question of fact existed as to whether insurance company was actually required to pay for insured's costs). Thus, contrary to Illinois Union's belief, it is not automatically entitled to summary judgment on NWIPB's bad faith claim simply because this court found that there existed a legitimate dispute over the language used in its policy.[1]

---

[1] The court does *not at all* mean to suggest here that Illinois Union purposefully engaged in placing ambiguous terms within its insurance policy in attempt to beat claims of bad faith. The court is only trying to make the point that were a finding of ambiguity to categorically stave off an insured's claims of bad faith, then bad faith behavior by an unprincipled, yet savvy insurer who is adept at creating ambiguous language would surely go unpunished, and, in some way, be rewarded. Certainly,

Illinois Union nonetheless persists that the evidence submitted entitles it to summary judgment on NWIPB's bad faith claims. Yet, the court did not think such was the case when it issued its January 25 Order denying Illinois Union's motion for summary judgment – hence, its note that the outcome of NWIPB's breach of contract claim necessarily influenced the resolution of NWIPB's other claims – and does not think such is the case now. This court conducted a lengthy discussion on the issues of disputed fact in this case in its January 25 Order, and shall not do so again here. However, the court does note that, given the facts known to be disputed at this time, it seems unlikely that NWIPB can prove bad faith on the part of Illinois Union. Nonetheless, the court cannot say, given those same known, disputed facts, that it is impossible, as a matter of law, for NWIPB to do so.

Other than the additional explanation provided herein, Illinois Union's motion for clarification (docket # 42) is hereby **DENIED**.

                              **SO ORDERED.**

**Enter**: May 2nd, 2005

                              ____s/James T. Moody_____
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT

---

while the purposefully-placing-ambiguous-terms-in-an-insurance-policy scenario might be unlikely, is not improbable, and taking advantage of an insured – and the system – in such a manner is unacceptable.